**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

OCEANVIEW FARMS, Limited
Partnership,
<u>Defendant & Third Party</u>
<u>Plaintiff-Appellant,</u>

KERR MARINA, d/b/a Yamaha of
Jacksonville, Incorporated; SIDNEY
WHALEY; CHARLES R. HUGHES; BOB
PADGETT,

<u>Plaintiffs,</u>

v.

UNITED STATES OF AMERICA; NATURAL
RESOURCES CONSERVATION SERVICE, a
division of the United States
Department of Agriculture,
<u>Third Party Defendants-</u>
<u>Appellees.</u>

No. 99-2096

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-97-120-7-F)

Argued: April 6, 2000

Decided: May 3, 2000

Before LUTTIG and WILLIAMS, Circuit Judges, and
Gerald Bruce LEE, United States District Judge
for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Joseph Butler, PARKER, POE, ADAMS & BERN-
STEIN, L.L.P., Raleigh, North Carolina, for Appellant. Neil Irving
Fowler, Assistant United States Attorney, Raleigh, North Carolina,
for Appellees. **ON BRIEF:** William L. Rikard, Jr., Kevin L. Chignell,
PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Anne M. Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Oceanview Farms appeals from the district court's dismissal of its
claim against the United States for the allegedly negligent design of
Oceanview Farms' wastewater storage lagoon. The district court dis-
missed Oceanview Farms' claim for lack of subject matter jurisdic-
tion because the United States' conduct fell within an exception to
government liability under the Federal Tort Claims Act ("FTCA").
We affirm.

I.

In 1992, Oceanview Farms contacted the Natural Resources Con-
servation Service ("NRCS"), a division of the United States Depart-
ment of Agriculture, to assist it in designing a wastewater lagoon and
waste management system for the hog farm Oceanview Farms
planned to build in Onslow County, North Carolina. The NRCS pro-

2

vided assistance with the planning, design, and construction of the lagoon and waste management system, and certified the lagoon after it was built.

On June 21, 1995, approximately a year after Oceanview Farms began operating the lagoon, the lagoon failed, releasing over 20 million gallons of diluted wastewater into the New River in eastern North Carolina. Plaintiffs filed a class action suit in district court against Oceanview Farms alleging that it had permitted the wastewater to be released into the river. Oceanview Farms filed a third party claim under the FTCA against the United States and the NRCS for negligently designing the storage lagoon.[1] The district court dismissed the primary action because of the plaintiffs' egregious failure to comply with discovery. The United States moved to dismiss the third party action for lack of subject matter jurisdiction on the ground that the conduct at issue -- designing the storage lagoon-- fell within the "discretionary function exception" to federal government liability under the FTCA. See 28 U.S.C. § 1346(a). The district court granted the motion and dismissed Oceanview Farms' third party action for lack of subject matter jurisdiction.

II.

The discretionary function exception to the FTCA's waiver of sovereign immunity provides that the United States is not liable for any claim "based upon the exercise or performance or the failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The question in this case is whether NRCS' design of the storage lagoon is conduct that falls within the discretionary function exception.

Oceanview Farms argues that, although the NRCS engineers who designed the storage lagoon used discretion in the design,[2] their dis-

_____

[1] On appeal Oceanview Farms identifies six specific acts of negligent design, see Appellant's Br. at 28-34, but their specific enumeration does not alter our conclusion here.
[2] Oceanview Farms argues in the alternative that in two instances the NRCS was not acting within its discretion at all but was violating a mandatory directive. See Appellant's Br. at 48-50. The district court rejected this argument because the provisions referred to were not actually mandatory in the way Oceanview Farms suggested.

3

cretion was akin to that used by a private engineer in making technical judgments, not the kind of discretion that would implicate government policy and that would insulate the United States from liability under the discretionary function exception.

The district court correctly held that although the NRCS design decisions involved technical engineering judgments, the design considerations -- including functional effectiveness, safe performance, cost effectiveness, and adaptation to surrounding water and landscape resources -- were also "susceptible of policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991) (holding that the agency's advice to a private bank on whom to hire, which litigation positions to take, and how to structure the bank fell within the discretionary function exception despite the fact that the advice involved technical business judgment). That is, the court correctly held that such considerations were reflective of the policies that underlay the statutes and regulations pursuant to which the NRCS engineers were acting, and therefore that the design considerations fell within the discretionary function exception.

Having heard argument in the case and considered the submissions of the parties, we agree with the conclusion reached by the district court and affirm on its substantive reasoning.

AFFIRMED

4